IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MAURICE BARLOW OWENS, II,**

    Petitioner,

v.                                                       Civil Action No. **3:12CV234**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Maurice Barlow Owens, II, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Chesapeake, Virginia ("Circuit Court") for three counts of robbery, three counts of use of a firearm in the commission of a robbery, obstruction of justice, and attempted robbery. In his § 2254 Petition (ECF No. 7), Owens argues entitlement to relief based upon the following grounds:

> Claim One:   Insufficient evidence existed to convict Owens because the witnesses failed to provide reliable identifications of Owens and testified inconsistently between the preliminary hearing and trial. (§ 2254 Pet. 6; *id.* Attach. (ECF No. 7-1 ("Attach.")) 1–7.)[1]
>
> Claim Two:   The Circuit Court erred by failing to accept Owens's amended habeas claims. (§ 2254 Pet. 7; Attach. 7–8.)
>
> Claim Three:   Trial counsel rendered ineffective assistance "when he failed to properly impeach [the] Commonwealth's witnesses as to prior testimony known to be different than that given at trial." (§ 2254 Pet. 9; Attach. 9.) Specifically, counsel:
> > (a) failed to impeach witness K. Latham "on prior testimony as to alleged nickname of robber" (§ 2254 Pet. 9; Attach. 9);

---

[1] The Court removes the emphasis and corrects the capitalization, spelling, and punctuation in quotations from Owens's submissions.

> (b) allowed the prosecutor to use "known false and perjured testimony" and solicited "testimony not given in evidence" in examining K. Latham (Attach. 12);
> (c) failed to properly impeach witness R. Stauty with his prior statements and identification of Owens (*id.* at 15–17); and,
> (d) failed to impeach the unreliable identification of Owens by witness Lamario Simmons (*id.* at 17–19).

Respondent moves to dismiss the § 2254 Petition.[2] Respondent provided Owens with appropriate *Roseboro* notice.[3] (ECF No. 19.) Owens has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Following a bench trial, the Circuit Court convicted Owens of three counts of robbery, three counts of use of a firearm in the commission of a robbery, obstruction of justice, and attempted robbery. *Commonwealth v. Owens*, CR07003753 through CR07003758, CR07003760, and CR07003867, at 1–3 (Va. Cir. Ct. May 14, 2009). Owens appealed this decision to the Court of Appeals of Virginia arguing that insufficient evidence existed to convict Owens of the eight offenses. *See* Petition for Appeal at 4, 11, *Owens v. Commonwealth*, No. 1029-09-1 (Va. Ct. App. filed Sept. 14, 2009). The Court of Appeals of Virginia denied the petition for appeal. *Owens v. Commonwealth*, No. 1029-09-1, at 1 (Va. Ct. App. Nov. 18,

---

[2] Respondent argues that Owens procedurally defaulted Claim Three because he failed to raise this claim in his state habeas petition. (*See* Br. Supp. Mot. Dismiss (ECF No. 18) 7.) In light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Owens's lack of counsel in his state habeas proceedings may establish cause for the procedural default of his claim. *Martinez*, 132 S.Ct. at 1320. Given the foregoing circumstances, the absence of persuasive briefing on the impact of *Martinez* by Respondent, and the evident lack of merit of the underlying claims, judicial economy dictates that the court address the merits of Claim Three. *See Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

[3] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

2009). The Supreme Court of Virginia refused Owens's subsequent petition for appeal. *Owens v. Commonwealth*, No. 100533, at 1 (Va. July 1, 2010).

Owens filed a petition for a writ of habeas corpus in the Circuit Court raising, *inter alia*, Claim One of the instant § 2254 Petition. Petition for Writ of Habeas Corpus 3, *Owens v. Commonwealth*, No. CL11–947 (Va. Cir. Ct. Apr. 18, 2011). The Circuit Court dismissed his petition. *Owens v. Commonwealth*, No. CL11–947, at 5 (Va. Cir. Ct. June 29, 2011). The Supreme Court of Virginia dismissed Owens's petition for appeal because Owens failed to assign error as required by Virginia Supreme Court Rule 5:17(c)(1)(i).[4] *Owens v. Clarke*, No. 111784, at 1 (Va. Feb. 17, 2012).

## II. PURPORTED ERROR OF CIRCUIT COURT

In Claim Two, Owens argues that the Circuit Court erred by failing to accept Owens's amended habeas claims. In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted) (emphasis omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441

---

[4] The rule states, in relevant part, that "the petition shall list . . . the specific errors in the rulings below upon which the party intends to rely. . . . If the petition for appeal does not contain assignments of error . . . the petition shall be dismissed." Va. Sup. Ct. R. 5:17(c)(1)(i) (2013).

F.3d 1238, 1248 (10th Cir. 2006))). Because Owens merely complains of error in the state post-conviction proceedings, he fails to provide a cognizable basis for federal habeas corpus relief. Accordingly, Claim Two will be dismissed.

### III. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any*

4

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

Instead of attacking the Commonwealth's proof of the elements of each offense of conviction, Owens argues that insufficient evidence existed to convict him because "no witness gave a description of defendant that is reliable under [the] totality of the circumstances." (Attach. 1.) Owens also argues that the Commonwealth "fail[ed] to show identification was reliable" because "Kelly Latham, Rick Stauty, and Lamario Simmons gave different testimony at a prior preliminary hearing." (*Id.*)[5]

The Court of Appeals aptly summarized the evidence of Owens's guilt as follows:

> After she was robbed, Kelly Latham identified appellant from a photograph display prepared by police detectives. She also positively identified appellant at trial as one of the robbers, testifying, "I can just see it in his eyes." Latham testified that she was "very sure" of her identification of appellant.
> Ricky Stauty was robbed, and he identified appellant as the robber from a photograph array prepared by law enforcement. He stated that the parking lot where the offense took place was "well lit." Stauty also positively identified appellant in court and he testified he was "one hundred percent" sure of his identification of appellant. Stauty testified that appellant had "very distinct" and intense eyes, "just that same look he has right now."
> Lamario Simmons was robbed, and he identified appellant from a photograph array prepared by law enforcement. Simmons also positively identified appellant at trial as the robber, testifying he was "one hundred percent positive" of his identification and stating that he recalled looking at appellant's eyes. Simmons also testified he had sufficient time to view the robber during the incident in order to identify appellant.
> David Lennert testified a man approached him and threatened to shoot Lennert if he did not give the man his wallet. Lennert did not give the man

---

[5] Respondent divides this claim into two parts and argues Owens defaulted the second portion of the claim by not raising it on direct appeal. Because both attack the reliability of the identifications of Owens, and both clearly lack merit, the Court assumes without deciding that Owens properly raised both portions of the claim.

anything. Within about thirty minutes of the incident, Lennert identified appellant at a show up. He also positively identified appellant in court.

*Owens v. Commonwealth*, No. 1029-09-1, at 1–2 (Va. Ct. App. Nov. 18, 2009). In finding sufficient evidence to convict Owens, the Court of Appeals explained:

> The reliability factors enunciated in *Neil v. Biggers*, 409 U.S. 188 (1972), are significant circumstances that may be considered, along with other evidence, in determining the sufficiency of the evidence in an identification case. *See Smallwood v. Commonwealth*, 14 Va. App. 527, 530, 418 S.E.2d 567, 568 (1992). The factors for determining the reliability of identification testimony include
>> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
>
> *Biggers*, 409 U.S. at 199–200.
>
> The trial court specifically found "no hesitancy" in the identification testimony of any of the victims, stating, "None of these people had any doubt that [appellant] was the one who robbed them." "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear the evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses.

*Id.* at 2–3 (alteration in original).

Owens argues that all four victims provided inconsistent statements about Owens's identity as the robber between their initial identification of Owens, the preliminary hearing, and the trial. For example, Owens points to differences in the language each victim used in their identification of Owens as the robber between the preliminary hearing and trial, believing that the differences demonstrate the unreliability of the identifications.[6] Owens also argues the

---

[6] For example, Owens argues that, at trial, Latham testified that she was "very sure" about her identification of Owens, however, during the preliminary hearing "she testified 'I believe it's him right there.'" (Attach. 2.) Owens also argues that at the preliminary hearing Lamario Simmons testified that he was "pretty sure" that Owens was the man who robbed him, but at trial stated "he was 100% sure." (*Id.* at 5.)

witnesses testified in differing level of detail about the gun, and the robbers' features and clothing, lending doubt to the positive identification.[7] Despite purported differences, each victim positively, and unequivocally, identified Owens as the robber during the initial photo array or show up, during the preliminary hearing, and at trial. Moreover, victims Latham, Stauty, and Simmons all testified that Owens's distinctive eyes made them certain that Owens was the man who robbed them. (Dec. 12, 2008 Tr. 25–26, 44, 55.) The trial court found each witness credible, and found that each witness undoubtedly identified Owens as the robber. Thus, after reviewing the evidence and credibility determinations "in the light most favorable to the prosecution, [a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Johnson*, 406 U.S. at 362). Accordingly, the Court will DISMISS Claim One.

## V. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

---

[7] For example, Owens claims that Stauty "could not remember anything specific about [the] robber," such as Owens's hair, or whether Owens wore a hat or jewelry, or had tattoos. (Attach. 3–4.) Owens also claims that Simmons could only testify that the robber wore a shirt with a dark colored hood and had "glossy" eyes. (*Id.* at 5.)

7

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Three, Owens faults counsel for failing to properly impeach the Commonwealth's four witnesses with their purportedly prior inconsistent testimony. Counsel reasonably eschewed the misguided impeachment tactics Owens urges here. For example, in Claim Three (a) Owens argues that counsel failed to impeach witness Latham about her testimony that the shorter robber identified Owens as "'Rice'" during the robbery. (Attach. 9–11.) Owens argues that counsel should have introduced Latham's statement at the preliminary hearing that the short robber identified Owens as "'Reese,'" instead, to impeach Latham's testimony. (*Id.*) Counsel reasonably eschewed impeaching Latham with this minor inconsistency, in light of Latham's consistent identification of Owens as the man who robbed her, and the fact that either Rice or Reese could be the short form of Owens's first name, Maurice. Moreover, Owens fails to demonstrate, as he must, that but for counsel's purported deficiency, the Circuit Court would have found him not guilty of robbing Latham. *See Strickland*, 466 U.S. at 694. Because Owens demonstrates neither deficiency of counsel nor resulting prejudice, Claim Three (a) will be DISMISSED.

In Claim Three (b), Owens faults counsel for allowing the Commonwealth "to use compelled testimony at trial . . . . not given in evidence at [the] preliminary hearing." (Attach. 12.) Owens contends that during the trial, the prosecutor asked Latham whether the robbers had made any threats to Latham during the robbery. (*Id.*) Latham responded that the smaller robber told Owens, who wielded the gun, to kill her. (*Id.*) Although Owens's argument lacks clarity, the Court believes Owens argues that, because Latham had testified at the preliminary hearing

8

that the smaller robber, not Owens, made verbal threats, the Commonwealth lacked the ability during trial to ask whether Owens had threatened Latham. (*See id.*)

Again, Owens fails to show, that but for counsel's purported error, the trial court would have found him not guilty of the robbery. *See Strickland*, 466 U.S. at 694. Latham testified that two men, one of whom was Owens, approached her after a pizza delivery. (Dec. 12, 2008 Tr. 16.) Owens pointed a gun into her hip and repeatedly commanded her to give him her money and said "I should kill you." (Dec. 12, 2008 Tr. 16–18.) Latham gave them her money and credit card receipts. (Dec. 12, 2008 Tr. 16–17.) Latham identified Owens as the robber from a photo array and again at trial. (Dec. 12, 2008 Tr. 20, 25–28.) In light of the compelling evidence of Owens's guilt, Owens fails to demonstrate any resulting prejudice from counsel's purported deficiency.

In Claims Three (c) and (d), Owens faults counsel for failing to impeach the "prior unreliable identification statements/testimony" of Commonwealth's witnesses R. Stauty and Lamario Simmons. (Attach. 15, 17.) In these claims, Owens renews his arguments from Claim One that Stauty and Simmons provided unreliable identifications of Owens and that their testimony differed between the preliminary hearing and the trial. For the reasons explained in above, Owens fails to demonstrate any resulting prejudice. Both Stauty and Simmons unequivocally identified Owens as the man who robbed them. Thus, Owens fails to demonstrate that but for any deficiency of counsel, the Circuit Court would have found him not guilty of the two robberies. *See Strickland*, 466 U.S. at 694.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 16) will be GRANTED. Owens's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[8]

An appropriate Final Order shall issue.

Date: 9-5-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[8] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Owens fails to meet this standard.

10